[No. 1069-2.   Division Two.   March 11, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. GLENN R. LUND,
*Appellant.*

*Frank H. Retman* and *MacDonald, Hoague & Bayless,* for appellant.

*John C. Merkel, Prosecuting Attorney,* and *Ronald A. Franz, Deputy,* for respondent.

ARMSTRONG, J.—Defendant appeals from a conviction of possession of marijuana. The sole issue raised by this appeal is whether marijuana discovered in defendant's automobile was unlawfully admitted into evidence as the product of an illegal search and seizure. We hold that the search was constitutionally permissible.

The facts disclose that between 11:45 p.m. and 1:45 a.m., Bremerton police officers stopped defendant's automobile for excessive noise. It was then discovered that Mr. Lund had been driving while his driver's license was suspended. The officers determined to "book" the defendant, and he was taken to the officers' vehicle and "patted down." The officers removed two ammunition clips from defendant's

pockets, whereupon the defendant volunteered that his gun was on the front seat of the car. It is disputed whether defendant further specified that the gun was wrapped in his coat, where it was eventually discovered.

Defendant's car was lawfully parked, and the police had no intention of impounding it, but because it was parked on a route used by school children, and could not be securely locked, the officers decided that they should retrieve the gun for safekeeping. The gun was not immediately visible on the front seat as it was, in fact, wrapped in defendant's coat. While looking for the gun, one of the officers crouched down, reached under the seat, and with a sweeping or scraping motion scooped a canister containing marijuana out from under the front seat. This discovery prompted further search, and additional marijuana was found, seized, and admitted into evidence.

In holding that the police conduct discussed above was clearly reasonable within the purview of the Fourth and Fourteenth Amendments, we need cite only the opinion of the United States Supreme Court in *Cady v. Dombrowski,* 413 U.S. 433, 37 L. Ed. 2d 706, 93 S. Ct. 2523 (1973). The opinion in that case is directly controlling on the search and seizure issue in this appeal.

In *Cady v. Dombrowski, supra,* the defendant, an off-duty Chicago police officer, crashed and disabled his private automobile. He was arrested for drunk driving and his vehicle was towed, at the direction of the police, to a privately-owned service station. The arresting officers believed that Chicago policemen were required to carry their service revolvers at all times. Since they had found no revolver at the time of the arrest, as a matter of standard police procedure one of the police officers returned to the defendant's vehicle several hours later in an attempt to secure the service revolver and thereby protect the public from the possibility that the revolver would fall into untrained or malicious hands. The interior of defendant's vehicle was searched, as well as the vehicle's locked trunk. The police

found evidence which incriminated the defendant in a murder for which he was eventually convicted.

In upholding the admission of the evidence, the United States Supreme Court commented that the officers were simply reacting to "one of the recurring practical situations that results from the operation of motor vehicles and with which local police officers must deal every day." Observed the court:

> Because of the extensive regulation of motor vehicles and traffic, and also because of the frequency with which a vehicle can become disabled or involved in an accident on public highways, the extent of police-citizen contact involving automobiles will be substantially greater than police-citizen contact in a home or office. Some such contacts will occur because the officer may believe the operator has violated a criminal statute, but many more will not be of that nature. Local police officers, unlike federal officers, frequently investigate vehicle accidents in which there is no claim of criminal liability and engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.

*Cady v. Dombrowski, supra* at 441.

The court in *Cady v. Dombrowski, supra,* believed that the type of caretaking search conducted there was controlled by principles that could be "extrapolated" from *Harris v. United States,* 390 U.S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992 (1968), and *Cooper v. California,* 386 U.S. 58, 17 L. Ed. 2d 730, 87 S. Ct. 788 (1967). The court held as follows:

> In Harris the justification for the initial intrusion into the vehicle was to safeguard the owner's property, and in Cooper it was to guarantee the safety of the custodians. *Here the justification, while different, was as immediate and constitutionally reasonable as those in Harris and Cooper: concern for the safety of the general public who might be endangered if an intruder removed a revolver from the trunk of the vehicle.*

(Italics ours.) *Cady v. Dombrowski, supra* at 447.

In the instant case, the record is absolutely clear and uncontradicted that the sole purpose of the officer's entry into defendant's vehicle was to secure his weapon. The record indicates that prior to the officer's entry, when attempting to secure the vehicle after defendant's arrest, the officers discovered that there was a hole in the left wing window of the vehicle large enough so that a man's fist would fit through, and the driver's side window would not roll up all the way. Furthermore, this unsecured vehicle was parked near one or more schools on a route used by school children.

On these facts the justification for the intrusion into defendant's vehicle was even more immediate and constitutionally reasonable than that discussed in *Cady v. Dombrowski, supra.* Here the officers reasonably believed the interior of an unsecured vehicle, rather than a locked trunk, contained a weapon that was accessible to passersby, including school children. We are of the opinion that the holding in *Cady v. Dombrowski, supra,* is directly controlling, and that the conduct of the officers in attempting to safeguard defendant's property and protect the public was clearly reasonable. Since this limited intrusion into defendant's vehicle was constitutionally permissible, the evidence discovered while attempting to find and secure the weapon was lawfully obtained. The discovery of the canister of marijuana while looking for the gun obviously provided a reasonable basis to search the remainder of the vehicle after the weapon had been secured. The additional marijuana found during this search was therefore also lawfully obtained.

Judgment affirmed.

PEARSON, C.J., and PETRIE, J., concur.